EDITH H. JONES, Circuit Judge,
dissenting:
Holding that the district court’s sentence of 41 months imprisonment was legally erroneous because of intervening case law is one thing, and I reluctantly concede that in today’s other wordly approach to sentencing, this result may be justified. But requiring resentencing for this “plain error,” ie. error not raised in the district court, goes a step too far on the record before us. In Molinar-Martinez, the Supreme Court held only that “in most cases, [a ‘plain error’ in the sentencing *590 range] will suffice for relief if the other requirements of Rule 52(b) are met. ” Molina-Martinez v. United States, — U.S. -, 136 S.Ct. 1338, 1347, 194 L.Ed.2d 444 (2016)(emphasis added). Fed. Rule Crim. Pro. 52(b) includes a discretionary decision whether, even supposing a “plain error” affected the defendant’s “substantial rights,” the error created a “miscarriage of justice” or “seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.” United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993) (internal citations omitted). Not every plain sentencing error that affects substantial rights will be so egregious as to meet this test.
The majority here elect to order resen-tencing not because of any characteristic involving this defendant or his case, but only based upon two previous unpublished, non-preeedential decisions where plain error relief was discretionarily awarded other defendants. Because the disparities between the correct and incorrect guidelines in those cases were less than the 21-month disparity here, the majority reasons, Reyes-Ochoa must be entitled to a new sentencing hearing. The majority cites no authority for the proposition that extraneous sentencing decisions can dr should affect the discretionary, case-specific call we are to make at the fourth prong of plain error relief.
To offer this defendant the opportunity of resentencing, in my view, is what actually, seriously affects the fairness, integrity or public reputation of this court’s proceedings. Both the defendant’s criminal history and the tortured procedural history of this case militate against discretionary relief.
First, the majority refer innocuously to Reyes-Ochoa’s prior burglary convictions, but his criminal history is replete with lawbreaking. An illegal alien, he is identified as having 6 aliases and 2 Social Security numbers. He has been deported twice before. One deportation arose from his felony conviction for four residential burglaries in Virginia, each involving a different victim. The PSR indicates that he was involved in but not prosecuted for nine residential burglaries, and he confessed to local Virginia authorities that he had participated in 25-30 residential burglaries.
Second, Reyes-Ochoa’s appeal was docketed in this court in September 2015. At that time, his appointed counsel sought to be relieved because there appeared to be no nonfrivolous issue for appeal. Because our court meticulously oversees (through our Staff Attorneys’ office) our huge docket of criminal sentencing issues, the request was denied pending issuance of a potentially controlling opinion on the Virginia burglary statute in the Membreno-David case. That opinion, albeit unpublished, would have been decisive — against Reyes Ochoa — had the Supreme Court not proceeded to decide Mathis a month or so later. Mathis has provoked reconsideration of numerous prior court decisions about criminal sentencing. The process of appellate justice accordingly wound its way some months longer until, one month before this appeal was submitted, the Fourth Circuit overruled its prior precedent concerning the Virginia burglary statute. In sum, but not in short, Reyes-Ochoa is the fortuitous beneficiary of the widespread uncertainty that now bedevils federal criminal sentencing.
The result of this resentencing decision will likely be immediate release from prison. Reyes-Ochoa has been incarcerated since April 2015 on a sentence of 41 months imprisonment. The new, correct guidelines range is 15-21 months, a period that lapsed while the appellate process went on. Given this man’s repeated violation of this country’s laws, and the per *591 verse results and incentives created by our never-ending sentencing uncertainty, I see no miscarriage of justice in the defendant’s having to Uve with the consequences of the sentence he originally received, which was right when pronounced.